UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ANGELO DAVIS,<br><br>   Plaintiff,<br><br>   v.<br><br>JOSEPH TUGGLE, et al.,<br><br>   Defendants. | 2:25-cv-1695-CKD P<br><br><br>ORDER |

Plaintiff Don Angelo Davis, a state prisoner, filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). As set forth below, the complaint fails to state a claim and plaintiff has not demonstrated he is entitled to proceed IFP.

**I.     In Forma Pauperis**

Previously, the court denied without prejudice plaintiff's initial application for leave to proceed IFP indicating he had not received any money from any sources during the past 12 months, noting the form used by this district requires a certified copy of plaintiff's prison trust account statement for the six-month period preceding the filing of his complaint. (ECF Nos. 2, 5.)

Plaintiff filed a renewed declaration and motion to proceed in forma pauperis on this court's form. (ECF No. 6.) Plaintiff did not, however, properly complete the application because

plaintiff indicated he receives money from "other sources" and did not provide the required explanation for that response by describing the source of money, the amount received, and "what you expect you will continue to receive." (Id. at 1.) In addition, plaintiff's trust account statement reflects he had $1,409.63 when this action was filed, which tends to indicate he could pay the filing fee and still afford the necessities of life.

The court may authorize the commencement of an action "without prepayment of fees" by an individual who submits an affidavit evidencing an inability to pay such fees. 28 U.S.C. § 1915(a). [1] "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948)); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)). While § 1915(a) does not require a litigant to demonstrate "absolute destitution," Adkins, 335 U.S. at 339, the applicant must nonetheless show inability to pay the fees. 28 U.S.C. § 1915(a).

Plaintiff has not shown inability to pay the fees because he had $1,409.63 at the relevant time, indicated he receives money from an undescribed source, and has not disclosed the amount(s) received and when, or what he expects to receive in the future. Accordingly, plaintiff's renewed motion to proceed in forma pauperis will be denied without prejudice. In order to proceed with this case, in addition to filing any amended complaint, plaintiff must either make the showing required by 28 U.S.C. § 1915(a) through a fully completed IFP application or pay the court costs.

**II.    Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] If leave to proceed in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the administrative fee.

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

### III. Allegations in the Complaint

The complaint asserts a single claim concerning a "[t]hreat to safety" in regard to events in the music band room at Folsom State Prison (ECF No. 1 at 1, 3.) Plaintiff had previously written to staff about two specific inmates in the music program "in case of attack." (Id. at 3-4.) On August 14, 2024, plaintiff was in the music room for band practice and had a dispute with another inmate, who grabbed plaintiff around the neck and held plaintiff off the ground until plaintiff knocked his hand and pushed him away. (Id. at 5-6.) The music staff sponsor saw everything and did not press his alarm button when plaintiff was first attacked. (Id. at 7.) Plaintiff felt like the situation was "a set up" as plaintiff had been recently threatened by a security officer being vindictive about a looming lawsuit. (Id.) CDCR has impeded plaintiff from seeking redress by not giving him the name of the staff person known as Jim. (Id.)

Plaintiff wrote a grievance containing specific allegations about what had been going on in the band room, and staff favoring certain inmates. (ECF No. 1 at 8.) Plaintiff was interviewed by defendant B. Stambuk, the head of the music program, who stated the music program is a voluntary program which plaintiff is not required to be a part of. (Id. at 8.)

Defendants are Joseph Tuggle as Warden, Jeffery Macomber as CDCR Secretary, B. Stambuk, and a Doe defendant. (ECF No. 1 at 2.) Plaintiff seeks damages for harm suffered in the form of emotional distress. (Id. at 13.)

### IV. Discussion

The allegations are insufficient to state a "failure-to-protect" Eighth Amendment violation claim against any defendant. To state such a claim, plaintiff must allege facts showing (1) a prison official's act or omission was objectively, sufficiently serious, and (2) the official was deliberately indifferent to plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). In order to be liable under the Eighth Amendment, a prison official must have known of and disregarded a substantial risk of

serious harm to the plaintiff. See Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [an inmate's] future health." Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007) (citation omitted). To be actionable, a prison official's conduct "must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Plaintiff's allegations fail to suggest any defendant knew of and disregarded a substantial risk of serious harm to plaintiff. As to the Doe defendant, the mere allegation that he did not press his alarm button when plaintiff was first attacked, without more, does not suffice.

In addition, plaintiff's request for relief is for money damages, which cannot be awarded for mental or emotional injury without a showing of physical injury. See 42 U.S.C.A. § 1997e ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).") Plaintiff cannot bring his claim damages for emotional distress without a showing of physical injury. See Babcock v. White, 102 F.3d 267, 272 (7th Cir. 1996) ("it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment"). Accordingly, the complaint does not state a claim for relief.

V.   **Leave to Amend**

Although it appears plaintiff may be unable to state a claim based on the facts alleged, plaintiff is granted leave to file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). If plaintiff does not wish to proceed further with this case, then plaintiff may file a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

### VI. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

Your complaint is being dismissed because (1) you cannot bring a claim for money damages for a threat to your safety for a prison official failing to protect you if you did not suffer a physical injury; and (2) the facts you allege do not suggest any defendant knew of and disregarded a substantial risk of serious harm to you. You have an opportunity to file an amended complaint but must pay the court costs or be granted leave to proceed IFP in order to proceed with this case.

### VII. Conclusion

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's renewed motion to proceed in forma pauperis (ECF No. 6) is DENIED without prejudice.
2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.
3. Plaintiff's complaint is dismissed with leave to amend, but in addition to filing any amended complaint, plaintiff must either pay the court costs or be granted leave to proceed IFP.
4. Plaintiff is granted thirty days from the date of service of this order to either pay the filing fee or submit another IFP application along with a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  October 31, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, davi1695.scrn