UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ANGELO DAVIS, | 2:25-cv-1695-CKD P |
| Plaintiff, | |
| v. | ORDER |
| JOSEPH TUGGLE, et al., | |
| Defendants. | |

Plaintiff Don Angelo Davis, a state prisoner, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint and renewed motion to proceed in forma pauperis are before the court.

**I.       In Forma Pauperis**

Previously, the court denied without prejudice plaintiff's applications for leave to proceed in forma pauperis. (ECF Nos. 2, 5, 6, 8.) Plaintiff's declaration in support of a renewed motion to proceed in forma pauperis (ECF No. 12) makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent

1

of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.    Allegations in the First Amended Complaint

Plaintiff brings a claim concerning a threat to his safety based on an incident in the music band room at Folsom State Prison (ECF No. 1 at 1, 3.) Plaintiff had previously written to staff about two specific inmates in the music program. (Id. at 3.) On August 14, 2024, plaintiff was in the music room for weekly band practice when another inmate grabbed him around the neck and held him off the ground until plaintiff knocked the inmate's hand and pushed the inmate away. (Id.) The inmate repeated this grabbing of plaintiff's throat and plaintiff once again knocked the inmate's hand and pushed the inmate away. (Id. at 34.) Staff member (John Doe) simply known as Jim "failed to take necessary precaution for the protection of plaintiff… when he did not press his alarm button at the first sight of this attack." (Id. at 4.) The incident affected plaintiff's neck and mind for weeks. (Id. at 6.) Plaintiff felt like the situation was "a set up" because nine days prior, he had been threatened by an I.S.U. security and investigation officer being vindictive about a looming lawsuit. (Id.)

The incident was reported to Sgt. Mosley, who interviewed plaintiff. (ECF No. 11 at 4.) Plaintiff wrote a grievance containing specific allegations about what had been going on in the band room and how staff Jim (John Doe) had been showing favoritism for two specific inmates. (Id. at 5.) Plaintiff was interviewed by defendant B. Stambuk, the head of the music program, who stated the music program is a voluntary program and plaintiff is not required to participate. (Id.)

Defendants are Joseph Tuggle as Warden, Jeffery Macomber as CDCR Secretary, John Doe, and B. Stambuk. (ECF No. 11 at 2.) Plaintiff alleges Joseph Tuggle as Warden and Jeffery Macomber as CDCR Secretary impeded him from seeking redress by not providing him with the true name of the John Doe defendant known as Jim. (Id. at 5.) Plaintiff seeks damages for harm suffered in the form of "emotional distress and injury." (Id. at 10.)

**IV.    Discussion**

The allegations are insufficient to state a "failure-to-protect" Eighth Amendment violation claim against any defendant. To state such a claim, plaintiff must allege facts showing (1) a prison official's act or omission was objectively, sufficiently serious, and (2) the official was deliberately indifferent to plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). In order to be liable under the Eighth Amendment, a prison official must have known of and disregarded a substantial risk of serious harm to the plaintiff. See Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. To be actionable, a prison official's conduct "must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Plaintiff's allegations do not suffice to suggest any defendant knew of and disregarded a substantial risk of serious harm to him. The mere allegations that plaintiff had previously written to staff about two specific inmates in the music program and that the John Doe defendant did not press his alarm button at the first sight of the attack, without more, do not suffice. The other defendants were not present when the incident at issue in the complaint occurred and no facts suggest they knew of or disregarded a substantial risk of serious harm to plaintiff.

Plaintiff does not state any claim against Joseph Tuggle as Warden or Jeffery Macomber as CDCR Secretary. Under 42 U.S.C. § 1983, each government official is liable only for their own misconduct, their title notwithstanding. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

3

To any extent plaintiff is alleging his fundamental constitutional right of access to the courts has been impaired, the first amended complaint fails to state a claim. Such a claim requires that plaintiff suffered an actual injury to a criminal appeal, habeas petition, or civil rights cases brought under 42 U.S.C. § 1983. See Lewis v. Casey, 518 U.S. 343, 346, 349, 354 (1996). Actual injury in this context is "actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." Id. at 348. The prisoner "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific remedy lost in order to give fair notice of the allegations. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353 & n.3). Plaintiff has not identified an actual injury in support of an access to courts claim, particularly where he has filed this case and has not stated any claim for relief as to any defendant, including the John Doe defendant.

**V.     Leave to Amend**

Although it appears plaintiff may be unable to state a claim based on the facts alleged, plaintiff is granted another opportunity to file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). If plaintiff does not wish to proceed further with this case, then plaintiff may file a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**VI.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

Your amended complaint is being dismissed because your allegations do not suffice to show any defendant knew of and disregarded a substantial risk of serious harm to you. Your allegations also fail to show you suffered any actual injury from not being provided the true name of the John Doe defendant known as Jim. You have another opportunity to file an amended complaint.

4

**VII.    Conclusion**

In accordance with the above, IT IS ORDERED as follows:

1.  Plaintiff's renewed motion to proceed in forma pauperis (ECF No. 12) is GRANTED.

2.  Plaintiff's first amended complaint (ECF No. 11) is dismissed with leave to amend.

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to respond to this order will result in a recommendation that this action be dismissed.

Dated:  January 21, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, davi1695.scrn.fac