UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DON ANGELO DAVIS,

        Plaintiff,

    v.

JOSEPH TUGGLE, et al.,

        Defendants.

2:25-cv-1695-CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff Don Davis, a state prisoner, proceeds in forma pauperis and without counsel. This case is referred to the undersigned by Local Rule 302 and 28 U.S.C. § 636(b)(1). Plaintiff's second amended complaint ("SAC") is before the court for screening. See 28 U.S.C. § 1915A(a). (ECF No. 15.) Plaintiff cannot state a claim for relief based on the underlying facts and the SAC should be dismissed without further leave to amend.

## I.    Allegations in the SAC

Plaintiff brings a claim concerning a threat to his safety based on an incident in the music room at Folsom State Prison on August 14, 2024. (ECF No. 16 at 3.) Plaintiff was in the music room for weekly band practice when another inmate grabbed him around the neck and held him off the ground until plaintiff knocked the inmate's hand away. (Id. at 3-4.) Plaintiff warned the inmate not to do that again and the inmate repeated the act and plaintiff once again knocked the inmate's hand and pushed the inmate away. (Id. at 4.) Staff member (John Doe) simply known as

1

Jim was in the band room that day "and just looked on, when at the first sight of any attack was [supposed] to press his alarm button that is on his hip." (Id. at 4.) Plaintiff felt like the situation was "a set up" because nine days prior, he had been threatened by an I.S.U. security and investigation officer being vindictive about a looming lawsuit. (Id.)

Plaintiff wrote a grievance regarding what had been going on in the band room and how staff Jim (John Doe) had been showing favoritism for two specific inmates. (ECF No. 16 at 5.) B. Stambuk, the head of the music program, interviewed plaintiff and stated the music program is a voluntary program and plaintiff is not required to participate. (Id. at 5.) Joseph Tuggle as Warden and Jeffery Macomber as CDCR Secretary impeded him from seeking redress by not providing him with the true name of the John Doe defendant known as Jim. (Id. at 5-6.)

Plaintiff seeks damages for harm suffered in the form of "mental and emotional distress." (ECF No. 16 at 10.) Defendants are Joseph Tuggle as Warden, Jeffery Macomber as CDCR Secretary, John Doe, and B. Stambuk. (ECF No. 16 at 2.)

**II.   Discussion**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff does not state a "failure-to-protect" Eighth Amendment violation claim against any defendant. To state such a claim, plaintiff must allege facts showing (1) a prison official's act or omission was objectively, sufficiently serious, and (2) the official was deliberately indifferent to plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). In order to be liable under the Eighth Amendment, a prison official must have known of and disregarded a substantial risk of serious harm to the plaintiff. See Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. To be actionable, a prison official's conduct "must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley

2

v. Albers, 475 U.S. 312, 319 (1986); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Plaintiff's request for relief is for money damages for mental and emotional distress. As the court previously informed plaintiff (ECF No. 8 at 4), money damages for mental or emotional injury cannot be awarded without a showing of physical injury. See 42 U.S.C.A. § 1997e ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."). In the Ninth Circuit Court, this requires "a prior showing of physical injury that need not be significant but must be more than de minimis." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002). Plaintiff does not allege a physical injury, and the complaint does not state an Eighth Amendment failure to protect claim. See Thompson v. Addison, No. 1:22-CV-01545-HBK (PC), 2024 WL 1053475, at *8 (E.D. Cal. Mar. 11, 2024) (finding no Eighth Amendment claim for damages stated because plaintiff alleged no physical injury alleged from defendant's alleged failure to protect or deliberate indifference).

In addition, plaintiff's allegations do not suffice to suggest any defendant knew of or disregarded a substantial risk of serious harm to plaintiff. The John Doe defendant was the only defendant present when the incident occurred and "just looked on, when at the first sight of any attack was [supposed] to press his alarm button that is on his hip." (ECF No. 16 at 4.) This allegation limited to defendant's conduct at the first sight of any attack is vague and does not permit the court to infer more than the mere possibility of misconduct. This allegation is insufficient to demonstrate the defendant knew of and disregarded a substantial risk of serious harm to plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff also does not state any claim against Joseph Tuggle as Warden or Jeffery Macomber as Secretary. Under 42 U.S.C. § 1983, each government official is liable only for their own misconduct, their title notwithstanding. See Iqbal, 556 U.S. at 677. Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

////

3

Plaintiff does not state a claim that his fundamental constitutional right of access to the courts has been impaired by not receiving the name of the John Doe defendant. Such a claim requires that plaintiff suffered an actual injury to a criminal appeal, habeas petition, or civil rights cases brought under 42 U.S.C. § 1983. See Lewis v. Casey, 518 U.S. 343, 346, 349, 354 (1996). Actual injury in this context is "actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." Id. at 348. The plaintiff "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific remedy lost in order to give fair notice of the allegations. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353 & n.3). Plaintiff has not identified an actual injury because he filed this case and has not stated any claim for relief against any defendant, including the John Doe defendant.

## III. Conclusion

Plaintiff was previously informed on two occasions of the deficiencies in his complaint and filed further complaints containing substantially similar allegations and deficiencies. It clearly appears plaintiff cannot state a claim for relief based on the underlying facts. Thus, the SAC should be dismissed without further leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

## IV. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

The court has screened your second amended complaint. The undersigned is recommending this case be dismissed for failure to state a claim upon which relief can be granted. If you disagree, you have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations."

## V. Order and Recommendation

In accordance with the above, IT IS ORDERED that the Clerk of the Court shall assign a district judge to this case.

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's second amended complaint be dismissed without further leave to amend for failure to state a claim.

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 2, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 davi1695.scrn.sac.fr

5